UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cr-00083-TWP-MG |
| | ) | |
| AARON STRONG, | ) | -01 |
| ADAM GUY, | ) | -02 |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION TO
EXCLUDE IMPROPER EXPERT TESTIMONY**

This matter is before the Court on the United States of America's (the "Government") Motion to Exclude Improper Expert Testimony (Filing No. 94)[1]. The Government requests that Defendant Aaron Strong's purported use-of-force expert, Anthony M. Gregory ("Gregory"), be prevented from offering the six categories of impermissible testimony listed below. For the reasons that follow, the Motion is **granted**.

## I.   BACKGROUND

This matter is set for a jury trial beginning Monday, April 29, 2024, against Defendants Aaron Strong ("Strong") and Adam Guy ("Guy") on multiple counts charged in the Superseding Indictment. Strong is charged in Counts One, Three and Four with Deprivation of Rights under Color of Law, in violation of 18 U.S.C § 242 and Count Two with Witness Tampering, in violation of 18 U.S.C §1512(b)(3).

The counts for Strong under § 242 arise from two incidents in which he is alleged to have used unreasonable and excessive force against three persons in custody, in violation of their Fourth and Fourteenth Amendment rights. Strong has given notice of his intent to call Gregory as a use-

---

[1] This Motion was originally docketed under Filing No. 80-1 and has been re-docketed as Filing No. 94.

of-force expert, and provided a report summarizing Gregory's anticipated testimony as well as Gregory's *curriculum vitae* ([Filing No. 94 at 24-38](); [Filing No. 94 at 40-61]()). The Government has no objection to Gregory's qualifications but argues some of his opinions constitute inadmissible expert testimony.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 and the United States Supreme Court's opinion in *Daubert v. Merrell Dow Pharms., Inc.*, governs the admissibility of expert testimony. 509 U.S. 579 (1993). Rule 702 charges trial judges with the responsibility of acting as "gatekeeper[s] with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission." *Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004). The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under the *Daubert* framework, courts use a three-part analysis. *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). "The rubric for evaluating the admissibility of expert evidence considers whether the expert was qualified, whether his methodology was scientifically reliable, and whether the testimony would have assisted the trier of fact in understanding the evidence or in determining the fact in issue." *Hartman v. EBSCO Indus., Inc.*, 758 F.3d 810, 817 (7th Cir. 2014). The "proponent of the expert bears the burden of demonstrating that the expert's

testimony would satisfy the *Daubert* standard" by a preponderance of the evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The Seventh Circuit has made clear that "[even] a supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are…relevant under the test set forth by the Supreme Court in *Daubert*." *Id.* (quoting *Clark v. Takata Corp.*, 192 F.3d 750, 759 at n. 5 (7th Cir. 1999). Whether to admit expert testimony rests within the discretion of the district court. *Lapsley*, 689 F.3d at 809.

### III. DISCUSSION

The Government moves to preclude Gregory from testifying on six categories:

1. Testimony as to [] Strong's intent, knowledge, and state of mind during specific events;

2. Testimony offering an opinion on the reasonableness of [] Strong's use of force;

3. Testimony purporting to resolve other disputed factual issues;

4. Testimony instructing the jury on the legal standards governing Strong's conduct;

5. Testimony referencing irrelevant facts and inadmissible evidence; and

6. Testimony that falls outside the scope of [] Gregory's expertise

([Filing No. 94 at 2-3](Filing No. 94 at 2-3)) (footnote omitted). The Government argues these opinions fail to satisfy one or more criteria for admissibility.

First, the Government argues Gregory should be prohibited from offering an opinion on whether Strong acted willfully or believed his statements to Indiana State Police to be true. Federal Rule of Evidence 704(b) states that "in a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). Both statutes under which Strong is charged require the Government to prove Strong's mental state. The criminal civil rights statute, 18 U.S.C. § 242, requires the government

3

to prove that a public official deprived a person of a federally protected right "willfully". *Screws v. United States*, 325 U.S. 91 (1945). The witness tampering provision of 18 U.S.C. § 1512 requires the Government to prove both that the defendant made a statement that he knew to be false and that he did so with the specific intent to prevent or delay information about a federal crime from reaching federal law enforcement. 18 U.S.C. §§ 1512(b)(3), 1515; *Arthur Andersen L.L.P. v. United States*, 544 U.S. 696 (2005). The Court agrees that Gregory may not testify as to "[w]hat [Strong] subjectively intended, thought, or believed" (Filing No. 94 at 4).

Next, the Government seeks to preclude Gregory from offering an opinion that Strong's uses of force were "reasonable," "justified," or "appropriate". Although Federal Rule of Evidence 702(a) permits an expert witness to testify regarding his or her opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," generally, an expert may not offer legal opinions. *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). In use-of-force cases, courts have held that expert witnesses may not testify that a police officer's use of force was or was not reasonable, justified, or appropriate under the circumstances. *United States v. Brown*, 871 F.3d 532, 539 (2017). Accordingly, Gregory may not offer his opinion as to whether Strong's use of force was reasonable.

Third, the Government asks this Court to preclude Gregory from offering factual testimony under the guise of an expert opinion. The Government contends that factual assertions about what really happened during the events relevant to the charges against Strong are inextricably intertwined with Gregory's opinions. Strong responds that he does not plan to elicit testimony, as a factual matter, about what did or did not occur in the context of any charged conduct. (*See* Filing No. 88 at ¶ 3.) Accordingly, Gregory may not assert that he knows that those facts are true or offer an opinion that one version of contested facts is more likely to be true than another.

4

Fourth, the Government asks that Gregory not instruct the jury on the law that they should apply to the case. "It is the role of the judge, not an expert witness, to instruct the jury on the applicable principles of law." *Jimenez*, 732 F.3d at 721. Strong agrees not to illicit testimony from Gregory the applicable law. *Id*. at ¶ 4. Accordingly, Gregory may not offer such an opinion.

Fifth, the Government seeks to preclude Gregory from introducing irrelevant and inadmissible information such as the victims' criminal history, unless the victims testify, and the proper foundation is laid. The Government argues that under Fed. R. Evid. 609, certain facts about the prior convictions of alleged victims T.C., E.S., and J.W. may be admissible if the victims testify as witnesses, or if a proper foundation is laid for the introduction of information relevant to Strong's state of mind. (Filing No. 94 at 18-19.) The Government points out however, that if the victims do not testify and no such foundation is laid, the victims' criminal history will be irrelevant to the issues before the jury and thus inadmissible. *Id*. Strong states that he does not intend to elicit inadmissible facts and will establish the proper foundation at trial before soliciting such testimony from Gregory. Accordingly, Gregory may not offer testimony or opinions concerning criminal histories unless the proper foundation has been laid.

Lastly, the Government seeks to preclude Gregory from offering "neuroscientific and neuropsychological fact-testimony about the operation of the human memory and senses under stress" and other scientific or psychological testimony that is outside of his expertise. *Id*. at 19. The Government contends that Gregory's report contains several categorical assertions about "the way in which memory works, both in general, and more particularly in stressful, chaotic, and fastmoving situations." (*See id*. at 36.) The Government argues that Gregory is not an expert in neuroscience or neuropsychology, thus he should be prohibited from testifying about the operation of human memory and sensory perception. Strong asserts that he does not intend to elicit testimony

5

on scientific or psychological matters that are outside of Gregory's expertise. (Filing No. 88 at 2 ¶ 6.)

The parties agree that Gregory has "extensive training and experience in matters related to armed and unarmed combat, firearms, and law enforcement tactics", (*id*. at 2), and is qualified to testify about those matters. However, Gregory may not offer opinions concerning neuroscientific and neuropsychological matters which are beyond his expertise.

Counsel for the Government and Strong conferred and agreed that Gregory should not testify about the aforementioned categories. *Id*. Strong does not intend to elicit the challenged categories of testimony from Gregory nor mention any such testimony in opening statements. *Id*. The parties also have agreed that Gregory may testify as to certain disputed matters only if an appropriate foundation is established. *Id*. Therefore, the Government's unopposed motion is **granted**.

### IV.   CONCLUSION

For the reasons explained above, the Government's Motion to Exclude Improper Expert Testimony (Filing No. 94) is **GRANTED**. The Court limits the testimony of Gregory as follows: Gregory is not permitted to give testimony as to Strong's intent, knowledge, and state of mind during specific events; testimony offering an opinion on the reasonableness of Strong's use of force; testimony purporting to resolve other disputed factual issues; testimony instructing the jury on the legal standards governing Strong's conduct; testimony referencing irrelevant facts and inadmissible evidence; or testimony that falls outside the scope of his expertise. Moreover, Gregory may testify as to certain disputed matters only if an appropriate foundation is established.

**SO ORDERED.**

Date: 4/16/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Guy A. Relford
LAW OFFICE OF GUY A. RELFORD
guy@relfordlaw.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov

Alec C. Ward
DOJ-Crt
alec.ward@usdoj.gov