UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cr-00083-TWP-MG |
| | ) | |
| AARON STRONG, | ) | -01 |
| ADAM GUY, | ) | -02 |
| | ) | |
| Defendants. | ) | |

ORDER ON GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
DEFENDANT'S HEARSAY STATEMENTS

This matter is before the Court on the Government's Motion *in Limine* to Exclude Defendant's Hearsay Statements (Filing No. 111).  This matter is set for trial by jury beginning on Monday, September 30, 2024. Defendant Aaron Strong ("Strong") is charged in the Superseding Indictment with Counts 1, 3, and 4: Deprivation of Rights Under Color of Law, and Count 2: Witness Tampering (Filing No. 22).  Defendant Adam Guy ("Guy") is charged in Count 5 with Witness Tampering.  *Id*. The Government seeks to preclude Strong from introducing his own out-of-court statements as evidence at trial.  For the reasons explained below, the Motion *in limine* is **granted in part and denied in part**.

I.     BACKGROUND

Strong, a former New Castle (Indiana) Police Department lieutenant, is charged with willfully using unreasonable and excessive force against three persons in custody, in violation of their Fourth and Fourteenth Amendment rights, related to two separate incidents.  On September 4, 2019, Strong gave a voluntary interview (the "Interview") to an Indiana State Police investigator. The Interview was video-recorded, and Strong was assisted by counsel.  The Government contends that Strong knowingly made multiple false and/or incriminating statements to the investigator

about the events underlying Count 1 of the Superseding Indictment. The Government seeks to introduce portions of the Interview both as evidence of the obstruction of justice offense charged in Count 2 and as evidence of Strong's state of mind with respect to the civil rights offense charged in Count 1.

## II.  LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663.664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion *in limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion *in limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

## III.  DISCUSSION

The Government asks the Court to prohibit Strong from introducing additional portions (or the entirety) of his Interview because, if offered by Strong, those recordings would constitute inadmissible hearsay. The Government argues that if Strong wishes the jury to hear his version of these disputed events, then he may testify, and tell the jury his version of events in as much detail

and depth as he wishes. (Filing No. 116 at 3.) In response, Strong argues that under the doctrine of completeness, he should be able to introduce related portions. *See* Fed. R. Evid. 106.

Federal Rule of Evidence 106 provides: "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. Rule of Evidence 106. The purpose of the rule is to "avoid misleading impressions caused by taking a statement out of its proper context or otherwise conveying a distorted picture by the introduction of only selective parts of the document." *Barnett v. State*, 916 N.E.2d 280, 286 (Ind. Ct. App. 2009).

The test for admissibility under Rule 106 is conjunctive. First, the court must determine whether the proponent of the evidence has established relevance. Then, if the proponent has established relevance, the court must consider (1) whether the additional evidence explains the evidence already admitted; (2) whether it places the admitted evidence in its proper context; (3) whether its admission will serve to avoid misleading the trier of fact; and (4) whether its admission will "insure a fair and impartial understanding of all of the evidence." *United States v. Velasco*, 953 F.2d 1467, 1475 (7th Cir. 1992). A district court has considerable discretion in determining the admissibility of the additional evidence offered under Rule 106. *United States v. Glover*, 101 F. 3d 1183, 1190 (7th Cir. 1996).

The Government intends to introduce multiple excerpts from the Interview about the following topics: (a) Strong's pursuit and arrest of suspect, (b) ineffective use of a taser, and (c) Strong's use of a collapsible baton (*see* Filing No. 111-1 at 3-6, 9-10, 22). The parties do not dispute that the Interview, when introduced by the Government, qualifies as a party-opponent statement and is therefore admissible as an exclusion to the hearsay rules. *See* Fed. R. Evid. 106

(a statement that is "offered against an opposing party and was made by the party in an individual or representative capacity" is not hearsay).

The Government has withdrawn its motion *in limine* to exclude out-of-court statements[1] related to the use of the collapsible baton (*see* Filing No. 116 at 1). Accordingly, discussion is only required as to excerpts related to Strong's pursuit and arrest of the suspect and his alleged ineffective use of a taser.

A.      **Excerpts Related to Pursuit and Arrest of Suspect**

In the Interview, Strong recounts the pursuit and arrest of a suspect whose arrest is the subject of Counts 1 and 2 of the Superseding Indictment (Filing No. 22). The suspect was first pursued by other officers on foot. Strong then joined in searching for the suspect by car before stopping his car so that he and Guy could join the foot pursuit. However, before stopping his car, Strong observed a man he believed to be the suspect and, in the Interview, described this man's behavior as behavior that made him believe the suspect was carrying a gun.

The Government intends to introduce a portion of Strong's Interview that begins with him describing the communication he heard from officers over the radio which initiated his pursuit of the suspect and ends with him explaining how, while he's parking (and locking) his car, he cannot fully see the arresting officer (*see* Filing No. 114-1 at 3-4). The Government plans to omit the portion of the Interview where Strong states he was following the suspect while driving and saw the suspect "knelt down" and running with his right hand by his chest.

Strong argues that by "omitting these observations, the Government's abridged transcript is misleading and invites the jury to infer that Strong had not observed the man prior to joining the

---

[1] Specifically, the Government withdraws its objection as to the entire statement highlighted in pink in the appendix to Strong's response (beginning with "So, as I – I mean I was aiming," and ending with "where I believe I got him on the back of the arm.") (*see* Filing No. 116 at 1; *see also* Filing No. 114-1 at 10).

4

arrest, making it impossible for Strong to have made any prior impressions of the subject." (Filing No. 114 at 5.)  The Court agrees.  The portion of the Interview the Government intends to introduce begins with communication over the radio stating an officer "lost [the suspect]" and ends with Strong explaining how while parking and locking his car he could not see the arresting officer (or presumably the suspect).  The omitted portion should be admitted into evidence because it places the evidence in its proper context and avoids misleading the jurors.

B.      **Excerpts Related to Ineffective Use of Taser**

The Government intends to introduce portions of Strong's Interview related to the ineffective use of a taser (*see* Filing No. 114-1 at 5-6).  Strong opines in the Interview that the taser must not have been working because the suspect was still "fighting through the tase." *Id.* at 5.  The portion the Government plans to omit is Strong describing other instances in which police officers were injured or killed in situations involving malfunctioning tasers or suspects high on drugs.

The portions offered by the Government, standing alone, are not misleading and are self-explanatory.  They accurately describe the arrest of the suspect, Strong's belief that the taser was not working, and Strong's knowledge that tasers do not work in some circumstances.[2]  As argued by Strong, the portion he seeks to include simply explains his state of mind during the incident.  The additional portion does not help place the Government's excerpts in context and would not assist in ensuring a fair and impartial understanding of the evidence.  Strong is precluded from introducing his statements describing the proffered excerpts.

IV.     **CONCLUSION**

The Government's Motion *in Limine* to Exclude Defendant's Hearsay Statements (Filing No. 111) is **GRANTED in part and DENIED in part**.  In line with the doctrine of completeness,

---

[2] The Government withdrew its Motion *in Limine* with respect to the following statement: "So I know the taser does not work in certain situations."  (Filing No. 116 at 1.)

Strong may introduce the portion of his Interview explaining his observations of the suspect while driving (*see* [Filing No. 114-1 at 4](#)).  Strong may also introduce his statements regarding his use of the collapsible baton (*see* [Filing No. 114-1 at 10](#)).  Strong is **precluded** from introducing any other portion of his Interview.

An order *in limine* is not a final, appealable order.  If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.  Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  9/3/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Guy A. Relford
LAW OFFICE OF GUY A. RELFORD
guy@relfordlaw.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Alec C. Ward
DOJ-Crt
alec.ward@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov